IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30484
Summary Calendar

_____

CECIL H. WALKER, RONALD M. CROW, CLARK AVERETT, JR.,
RONALD E. BABERS, TOMMY E. BATES, RICKY A. BRAZZELL,
TED D. BREWTON, JANICE COLEMAN, JANET COLSON,
CHRISTOPHER E. CONANT, MICHAEL S. CONLEY, RON DERINGTON,
W. E. FRAZIER, JIMMIE J. GATES, JOEL L. JONES,
BILLY R. KINNEY, DON B. MCGUFFEE, ALVIN B. METOYER,
DONNA MONDELLO BATES, DAVID W. MONK, ELTON MONROE,
TOMMY MOONEY, J. L. MORGAN, MORTON N. OXFORD, WAYNE PILCHER,
MARK THAD PORTER, KENNY REED, JR., STANLEY W. RUNA,
WILLIAM R. SANDERS, MICHAEL STEWART, THEODORE L. TANNEHILL,
JR., RANDY L. TYLER, JIMMY S. WILLIAMS, MICHAEL B. WISE,
BILLY R. WREN, DOYLE SAVELL and HOWARD WILSON,

Plaintiffs-Appellants,

versus

NERCO INCORPORATED, also known as Nerco Oil & Gas Inc.,
and LOUISIANA LAND AND EXPLORATION COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(94-CV-1790)
_____
December 11, 1997

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Former employees of the Black Lake plant owned by Nerco Oil & Gas, Inc. (NO&G) filed a putative class action suit against Nerco claiming age discrimination under the federal Age Discrimination in Employment Act (ADEA),[1] breach of employee benefit plans under the federal Employmee Retirement Income Security Act (ERISA),[2] and the parallel state statutes.[3] Louisiana Land and Exploration (LLE) acquired the Black lake plant from Nerco and was added as a defendant. The district court granted summary judgment for the defendants and the appellants seek reversal. We affirm.

*I.   Background*

NO&G, a wholly owned subsidiary of Nerco, operated a gas separation plant, known as the Black Lake plant. NO&G's pension plan provided, among other things, that any employee could retire with benefits upon termination of employment at normal retirement (age 65) or early retirement (age 55 plus 5 years of eligible employment). In 1993, Western Gas Resources, Inc., bought the physical plant while LLE acquired all of Nerco's stock in NO&G.

---

[1] 29 U.S.C. §§ 621 et. seq. (1985).

[2] 29 U.S.C. §§ 1001 et. seq. (1985).

[3] Age Discrimination in Employment Act, LA. REV. STAT. ANN. §§ 23:971 et. seq. (West 1985 & Supp. 1997); Commission on Human Rights, LA. REV. STAT. ANN. §§ 51:2231 et seq. (West Supp. 1997).

In anticipation of those transactions, NO&G adopted an Enhanced Early Retirement Program through which those employees who had reached the age of 55 by December 31, 1993, and who had at least 5 benefit years, would be eligible to receive retirement benefits under the enhanced plan. The plaintiffs are forty former employees who, on December 31, 1993, ranged in age from 24 years old to 54 years old and were thus ineligible to receive benefits under the enhanced plan.

## II. ERISA claims

The plaintiffs' state law claims are preempted by ERISA because they relate to an ERISA plan.[4] Before filing suit under ERISA, the employee must exhaust any administrative remedies provided by the plan.[5] Courts have imposed this requirement on suits brought under ERISA in accordance with Congress' intent in enacting ERISA.[6] The exhaustion requirement may be waived where

---

[4] 29 U.S.C. § 1144(a) (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95-97 (1983).

[5] *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 & n.8 (5th Cir. 1995).

[6] *Hall v. National Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997). The purposes of requiring exhaustion of administrative remedies includes minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, decreasing the time and cost of claims settlement, providing a clear record of administrative action if litigation should ensue, and assuring that judicial review is made under the arbitrary and capricious standard rather than *de novo*. *Id.*

resort to administrative remedies would be futile or the remedy is inadequate.[7] The district court found that pursuing the administrative remedies would have been futile because the administrator was powerless to change the terms of the plan. Therefore, we address the merits of the ERISA claims.

ERISA does not require an employer to establish employee benefit plans nor does ERISA mandate the kinds of benefits employers must provide if they choose to have a plan.[8] Employers are generally free to alter the plans, and amending a plan to include payout of early retirement benefits does not violate ERISA.[9] Moreover, the plan sponsor does not act as a fiduciary when he modifies a plan.[10] ERISA does not prevent a change that results in an identifiable group of employees being treated differently, as is the case here.[11]

III. Age Discrimination Claims

---

[7]*Id.* at 232.

[8]*Lockheed Corp. v. Spink*, 116 S.Ct. 1783, 1789 (1996).

[9]*Id.* at 1789-90.

[10]*Id.*

[11]*McGann v. H & H Music Co.*, 946 F.2d 401, 406 (5th Cir. 1991).

In order to file suit alleging a violation of the ADEA, the plaintiff must have timely filed a charge with the EEOC.[12] Because the plaintiffs failed to do so, the claim was properly dismissed.  As for the state law claim, it is preempted by ERISA because it "relates to" an employee benefit plan.[13]

AFFIRMED

---

[12]29 U.S.C. § 626 (1985); *Jay v. International Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989).

[13]29 U.S.C. § 1144(a) (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95-97 (1983).